COMMONWEALTH v. WM. CROMWELL'S ADM'R, &c.

**Statutes of Limitation—Bar to Commonwealth.**

The Commonwealth, having a judgment with an execution returned no property found, against Cromwell, seeks by this equitable action to subject a debt owing to appellee, Harlan, to Cromwell, its debtor, to the satisfaction of that debt, and the statute of limitation having been pleaded by appellee, the court below adjudged the debt of Harlan to Cromwell barred. Held, that whatever would bar Cromwell would bar the Commonwealth.

APPEAL FROM HICKMAN CIRCUIT COURT.

January 26, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

This is not a proceeding by appellant as judgment creditor with an execution and return of no property to set aside a fraudulent conveyance of the property of its debtor; but it is a proceeding to subject a chose in action of a debtor to its debtor, to the satisfaction of its debt. In other words the Commonwealth, having a judgment with an execution returned no property found, against Cromwell, seeks by this equitable action to subject a debt owing by appellee to Harlan to Cromwell, its debtor, to the satisfaction of that debt, and the Statute of Limitations having been pleaded by appellee, and the court having adjudged the demand or debt of Harlan to Cromwell barred, the Commonwealth has appealed. And it is insisted that time does not run against the Commonwealth. That is in some sense true. But is it applicable to this case? It is not alleged in the petition that appellee Harlan is the debtor of the Commonwealth, but Cromwell is its debtor,

and Harlan as it alleges owes Cromwell, and it seeks to be substi-
tuted to all the rights of its debtor against Harlan.

It must be obvious from this statement that whatever would
bar Cromwell, would be effectual to bar appellant; it must take
the condition of Cromwell, indeed that is the very object and
purpose of the suit, and if Cromwell's cause of action is barred,
it must be barred.

The indebtedness of appellee if it exists at all, was by open
account, and more than five years had elopsed from the accrual
of the cause of action before the suit was brought, and nothing is
shown to take the case out of the operation of the statute, the
Court below properly adjudged the action barred. Wherefore
the judgment is *affirmed.*

*Rodman & Bullock, for appellant.*
*Lindsay, for appellee.*